IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAI HOWARD, Ph.D.,

        Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA, BOARD
OF TRUSTEES,

        Defendant.

Case No. 8:21-cv-00442

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Fai Howard, Ph.D. ("Plaintiff" or "Dr. Howard"), by and through the undersigned counsel, hereby sues Defendant, University of South Florida, Board of Trustees ("Defendant" or "USF"), and states as follows:

### CAUSES OF ACTION

1.    This is an action brought under the Equal Pay Act, 29 U.S.C. § 206(d).

### PARTIES

2.    Plaintiff Dr. Howard is an individual and currently resides in Hillsborough County, Florida and at all material times was employed by Defendant.

3.    Defendant is a state university with its principal place of operation is in Tampa, Florida.

### JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. § 206(d) because this action involves a federal question under the Equal Pay Act.

5.    Venue is proper in the United States District Court for the Middle District of Florida because Plaintiff resides in, and Defendants conduct business in, and all of the events giving rise

to Plaintiff's claims occurred within the geographic region comprising the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Defendant USF, as a public agency, is a covered employer subject to the requirements of the Equal Pay Act, 29 U.S.C. § 203(d) (EPA). (29 CFR 1620.1(a)(2).

7. Plaintiff Howard was hired by USF in September 2017.

8. She currently serves the university as the Assistant Dean, Upper-Level Initiatives.

9. In 2018, Dr. Howard discovered that her annual salary was significantly lower than that of a similarly situated male counterpart serving in the capacity of Assistant Dean, Teaching and Learning.

10. Dr. Howard also learned that the similarly situated male counterpart received a significantly higher annual stipend than she had received.

11. Dr. Howard's position and that of Assistant Dean, Teaching and Learning entail equal skill, effort, and responsibility, and are performed under similar working conditions.

12. Both positions required a terminal degree, experience in student success and student support services, and experience in higher education administration.

13. In late July 2018, Dr. Howard met with former Dean of Undergraduate Studies, Dr. Paul Atchley, to discuss the apparent pay disparity.

14. Despite the meeting and follow-up communications from Dr. Howard to Vice President of Student Success Paul Dosal, the pay disparity was not remedied.

15. In January 2020, Dr. Howard met with Dr. Paul Dosal about the pay disparity.

16. The meeting with Dr. Dosal resulted in a one-time Pay for Performance Bonus to Dr. Howard and two other Assistants.

CALCIANO PIERRO, PLLC

17.     However, the one-time bonus payments did not address past or future pay inequity.

18.     To this day, as compared to Dr. Howard, the Assistant Dean for Teaching and Learning still earns a higher base salary as well as a permanent annual stipend which has not been afforded Dr. Howard.

19.      USF has not provided a justification for the disparate pay.

20.     As a result of the disparate treatment in terms of base salary and annual bonus, Dr. Howard has been damaged in the way of lost compensation.

21.     Dr. Howard has retained legal counsel to pursue her instant claim under the EPA.

## COUNT I
### *(Wage Discrimination in violation of the EPA, 29 U.S.C. Section 206(d))*

22.     Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 21.

23.     In violation of the EPA, Defendant failed to pay Plaintiff at a rate not less than that paid to male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

24.     Defendant willfully failed to meet its equal pay obligations under the EPA.

25.     As a direct result of Defendant's violation of the EPA, Plaintiff has suffered damages in the way of earned compensation.

26.     Defendant did not make a good faith effort to comply with the EPA with respect to its compensation of Plaintiff.

27.     Plaintiff is entitled to recover from Defendant back pay measured by the difference between what she was paid and what she should have been paid in the absence of the disparate pay policy, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, Fai Howard, Ph.D., demands judgment against Defendant USF for back pay, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to 29 U.S.C. § 216(b)), an injunction against the Defendant ordering its compliance with the EPA with regard to its future compensation of Plaintiff, and such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all triable issues.

Dated this 24th day of February 2021.                    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com